UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOE WELDON TAYLOR,<br><br>Defendant. | No. 2:12-cr-00199 MCE CKD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendant is a federal prisoner proceeding pro se with a motion attacking his conviction and sentence under 28 U.S.C. § 2255.[1] (ECF No. 50.) Defendant's motion presents four grounds for relief: (1) his plea was not knowing and voluntary, (2) ineffective assistance of counsel, (3) illegal sentence, and (4) prejudicial charges. (ECF No. 50.) Plaintiff has opposed the motion. (ECF No. 55.) For the reasons set forth below, the undersigned will recommend that the motion be denied.

I. Factual and Procedural Background

Having reviewed the record, the court adopts the government's summary of the facts:

In January 2012, agents with the Federal Bureau of Investigation (FBI) in Redding were contacted in regard to possible child pornography on a computer belonging to defendant. (ECF

---

[1] The companion civil case is No. 2:14-cv-2768 MCE CKD P.

1

No. 38, Presentence Investigation Report (PSR) ¶ 2.)  On February 3, 2012, the FBI executed a search warrant at the defendant's apartment.  (PSR ¶ 5.)  A laptop computer and an iPod were seized as part of that search.  (Id.)  Both were found to contain child pornography.  (PSR ¶¶ 9-10.)

On May 24, 2012, the Grand Jury charged defendant in a single count Indictment with knowingly possessing child pornography on the iPod.  (ECF No. 1.)  On January 3, 2013, defendant entered a guilty plea without the benefit of a plea agreement.  (ECF No. 20.)  The draft PSR recommended a sentence of 120 months, the statutory maximum for possession of child pornography.  (ECF No. 37.)

Defendant objected to a five-level enhancement for a "pattern of activity involving the sexual abuse of a minor," which was based on statements made by defendant's six-year-old stepson.  (ECF No. 38-2.)  Defendant also objected to a two-level enhancement for "vulnerable victims."  (ECF No. 38-2.)  The United States Probation Office denied the informal objection to the five-level enhancement and accepted the objection as to vulnerable victims.  It maintained its recommendation for a sentence of 120 months.  (ECF No. 38-1.)

Defendant filed a formal objection to the five-level enhancement.  (ECF No. 39 at 2-6.)

In a December 19, 2013 hearing before the court, the parties entered into an "Agreement Regarding Sentencing Recommendation and Appellate Waiver" signed by defendant, his attorney, and the government's attorney.  (ECF No. 45.)  The parties stipulated that certain sentencing enhancements applied.[2]  (Id. at 3.)  The stipulation included an express provision that "to the extent that either party has previously objected to the applicability of any of the following guideline variables, the parties retract those objections."  (Id.)

With respect to the enhancement for "pattern of behavior" involving defendant's stepson, the parties stipulated that "the state of the evidence, as presented to date, does not prove by a preponderance of the evidence that the +5 adjustment recommended in paragraph 25 of the PSR is appropriate in this case.  The parties agree, however, that the information presented in the

---

[2] The applicable sentencing factors were that the offense involved (1) pre-pubescent minors, (2) sadistic or masochistic conduct, (3) the use of a computer, and (4) more than 600 images.  (Id.)

portion of the PSR related to that enhancement remains appropriate for the court to consider in determining an appropriate sentence." (Id. at 4.)

The parties stipulated that they would jointly recommend a sentence of 88 months in prison. (Id. at 2.) The government reserved the right to argue that a lifetime period of supervised release was appropriate, and defendant reserved the right to argue against a lifetime period of supervised release. (Id. at 2-3.) Defendant agreed to waive any right to appeal his judgment or sentence, provided that the sentence did not exceed 88 months, and he agreed to waive the right to pursue any collateral attack under 28 U.S.C. § 2255 "except for non-waivable claims." (Id. at 4.)

At the same hearing, defendant was sentenced to 88 months in prison with a lifetime of supervised release. (ECF No. 44.)

Defendant did not appeal his judgment or sentence.

On November 17, 2014, he filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 50.) The relief he seeks is to have his plea and sentence vacated, an attorney appointed, and this matter remanded to the district court. (Id. at 14.)

II. Legal Standard

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  A § 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under the Sixth Amendment. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

III. Claims

Defendant asserts the following four claims:

(1) His plea was not knowing and voluntary. He was cognitively impaired because he had taken Zyprexa, Prozac, and Remeron the night before, as well as the morning of, entering a plea. He did so at the urging of his attorney. (ECF No. 50 at 5.)

(2) Ineffective assistance of counsel. "I told my attorney that I did not put pornography on my computer and iPod and that I didn't know how it got there. I explained to him how house

3

guest[s] frequently asked to use my computer to check their emails and play music. Anyone that was computer savvy enough could have gotten my IP address and used my computer remotely, without my knowledge. My attorney did not pursue or investigate this." (Id. at 6.)

(3) Illegal sentence. "The supervised release after incarceration is for life in my case. I had no criminal history before this incident and I understand that lifetime supervised release isn't mandatory in cases like mine." (Id. at 8.)

(4) Prejudicial charges negatively portrayed his character. "I was charged with sexually molesting my stepson, but was later fully exonerated. The initial allegations prejudiced all the investigators involved, which tainted the way all the reports were written and my subsequent sentence[.]" (Id. at 9.)

IV. Waiver and Procedural Default

Plaintiff argues that Grounds 1, 3, and 4 are waived per the December 2013 sentencing agreement. Alternatively, plaintiff argues these claims are procedurally defaulted because defendant did not raise them on appeal.

Defendant entered his guilty plea, without any agreement or waivers, on January 3, 2013. (ECF No. 20.) Eleven months later, he entered into a separate agreement in which he expressly waived the right to bring a motion under 28 U.S.C. § 2255 ("except for non-waivable claims"), among other provisions. In exchange, the government agreed to recommend a sentence lower than the 120-month sentence recommended by the Probation Office and agreed not to argue in favor of a five-level enhancement for a "pattern of behavior." (ECF No. 45.)

In Claim 1, defendant asserts that his guilty plea was not knowing and voluntary because, per his attorney's advice, he was under the influence of medication.

The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). "For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F. Supp. 2d 1206, 1210 (S.D. Cal. 1999). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. See Abarca, 985 F.2d at 1014. "The challenge to the validity of a waiver is

typically based on the allegation that the defendant's attorney was ineffective in carrying out the essential duty of fully informing the defendant of the nature and consequences of the plea and, in particular, of the nature of the rights being waived." Brohn v. United States of America, No. 1:08-cr-00271 AWI, 2015 WL 1347198, *4 (E.D. Cal. Mar. 24, 2015).

Because Claim 1 challenges the January 2013 guilty plea and does not concern the validity of the December 2013 waiver, the undersigned concludes that this waiver is enforceable to bar the claim.

Moreover, defendant did not raise this issue on direct appeal. In Bousley v. United States, 523 U.S. 614, 621 (1998), the Supreme Court held that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. [Citations omitted.]"

The Court further held that "[w]here a defendant has procedurally defaulted on a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' [citations omitted], or that he is 'actually innocent.'" Id. at 622.

> The 'cause and prejudice' test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where 'interference by officials' may have prevented the claim from being brought earlier. If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.
>
> Finally, a petitioner who fails to show either cause or prejudice can still obtain review of a claim on collateral attack by demonstrating the likelihood of his or her actual innocence.

United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007), citing Bousely, 523 U.S. at 623.

Here, defendant has not demonstrated cause and prejudice or actual innocence. Thus in addition to being waived, Claim 1 is procedurally defaulted.

////

5

Claim 3, concerning defendant's sentence to a lifetime of supervised release, is waived for the same reasons as Claim 1. In the sentencing agreement, the government reserved the right to argue that a lifetime term of supervised release was appropriate. (ECF No. 45 at 2-3.) Defendant waived the rights to appeal and collaterally attack his sentence, so long as the sentence did not exceed 88 months' imprisonment and /or the government did not appeal the sentence. (Id. at 4.) Neither of these conditions occurred.

Because Claim 3 does not challenge the validity of defendant's waiver of the right to attack his sentence in a § 2255 motion, that waiver bars the claim. Moreover, as defendant did not raise this issue on appeal, Claim 3 is procedurally barred for the reasons set forth above.

Claim 4, concerning onetime allegations that defendant molested his stepson, are similarly waived and defaulted. In the sentencing agreement, the parties stipulated that, while the evidence did not prove that the "pattern of behavior" enhancement was appropriate, that evidence "remain[ed] appropriate for the court to consider" in determining defendant's sentence. (ECF No. 45 at 4.) Defendant did not raise this issue on appeal, has not demonstrated "cause and prejudice" or actual innocence, and waived the right to attack his sentence in the December 2013 agreement. Thus the court need not reach the merits of this claim.

V. Ineffective Assistance

In Claim 2, defendant asserts that his counsel was ineffective for failing to investigate defendant's statements that he did not put pornography on his computer and iPod; rather, some other person must have done so without defendant's knowledge.

Assuming arguendo that Claim 2 is not waived per the sentencing agreement, the undersigned considers its merits.[3]

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show both (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v.

---

[3] An ineffective assistance claim "cannot be presented on appeal, because it turns on extra-record facts regarding the advice that counsel provided to petitioner." U.S. v. Valencia-Revuelta, 2014 WL 7335219, *3 (E.D. Cal. Dec. 19, 2014). Thus such a claim is not waived by failure to present it on direct appeal. Id., citing U. S. v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir. 1995).

1  Washington, 466 U.S. 668, 692, 694 (1984).  In evaluating counsel's performance, the court must
2  apply a strong presumption that counsel's representation fell within the wide range of reasonable
3  professional assistance.  Strickland, 466 U.S. at 689.  Prejudice means that the error actually had
4  an adverse effect on the defense.  There must be a reasonable probability that, but for counsel's
5  errors, the result of the proceeding would have been different.  Id. at 693–94.  A reasonable
6  probability is a probability sufficient to undermine confidence in the outcome.  Id.  The court
7  need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to
8  one prong.  Strickland, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on
9  the ground of lack of sufficient prejudice, which we expect will often be so, that course should be
10 followed."  Id.

11      The Strickland standard extends generally to the plea process.  Hill v. Lockhart, 474 U.S.
12 52, 59 (1985) (explaining that in the context of guilty pleas, the prejudice requirement "focuses
13 on whether counsel's constitutionally ineffective performance affected the outcome of the plea
14 process").

15      If the court finds that petitioner's allegations are sufficient to support both prongs of the
16 Strickland test, "a district court must grant a hearing to determine the validity of a petition
17 brought under § 2255, '[u]nless the motions and the files and records of the case conclusively
18 show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465
19 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is required if
20 (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the
21 petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no
22 relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  No hearing is necessary if
23 the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so
24 palpably incredible or patently frivolous as to warrant summary dismissal."  United States v.
25 McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also
26 Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a
27 hearing).
28 ////

In this case, FBI investigative reports contained statements by multiple witnesses to the effect that defendant generally did not let other people use his laptop or iPod, and if he did, he monitored them closely. (ECF No. 55-1.) For example, one witness, defendant's neighbor, testified that she was "never left alone with defendant's computer" and was "always watched" when she used it, which she "thought was odd." (Id. at 10.) The witness further testified that defendant's wife was "afraid to let [witness] use the laptop if [defendant] was not home. [Defendant] had to be present if [witness] used the laptop[.]" (Id.) She continued that defendant "was always on the computer and was very sneaky about what he did on the computer. . . [I]f one got close to [defendant] while he was using the computer, [he] would click a button and the screen would change." (Id. at 11.)

These reports were provided to defense counsel in discovery. In light of their content, the attorney's decision not to pursue defendant's theory that another person put pornography on his devices fell well "within the wide range of reasonable professional assistance." Moreover, defendant has not shown that, if counsel had investigated this theory, the result of the proceeding would have been different.

Based on the foregoing, the undersigned concludes that defendant's allegations, viewed against the record, fail to state a claim for relief under the Sixth Amendment. Thus an evidentiary hearing is not warranted, and defendant's § 2255 motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (ECF No. 50) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:14-cv-2768 MCE CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 29, 2015

          /s/ Carolyn K. Delaney
          CAROLYN K. DELANEY
          UNITED STATES MAGISTRATE JUDGE

2 / tayl0199.2255