UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-0199 MCE CKD P |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE WELDON TAYLOR, | |
| Movant. | |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 66.) This is movant's second § 2255 motion since entering a guilty plea to one count of possessing child pornography and being sentenced to 88 months in prison and a lifetime of supervised release in 2013. (ECF Nos. 20, 44 & 50.) Movant's previous § 2255 motion was briefed by the parties and denied by the district court on December 11, 2015. (ECF Nos. 65 & 68.) While the magistrate judge's findings and recommendations on that motion were pending, movant filed the instant § 2255 motion.

In this motion, movant seeks a downward departure of his 88-month sentence, citing "harsh living conditions" at the Metropolitan Correctional Center ("MCC") in New York, where he is currently housed. However, the cases movant cites involve pre-trial detainees housed under conditions amounting to punishment. (ECF No. 66 at 27.) See, e.g., U.S. v. Behr, 2006 WL 1586563, *5 (S.D.N.Y. June 9, 2006) (sentencing court found that the 29 months served by

1   pretrial detainee at the MCC under harsh conditions was sufficient punishment for his offenses
2   and sentenced him to time served ).  In contrast, movant is a post-conviction inmate, and harsh
3   conditions are not a basis for reconsidering his 2013 sentence.

4         Citing his good conduct and reformed attitude in prison, movant further argues that he is
5   eligible for a reduction in sentence due to post-sentencing rehabilitation.  In <u>Pepper v. United</u>
6   <u>States</u>, 562 U.S. 476, 490 (2011), the Supreme Court held that "when a defendant's sentence has
7   been set aside on appeal and his case remanded for resentencing, a district court may consider
8   evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may . . .
9   support a downward variance from the advisory Guidelines range."  As petitioner's original 88-
10  month sentence has not been set aside, this principle does not apply here.

11        Finally, to the extent movant challenges his 2013 sentence, the petition is successive.
12  "The plain text of the Anti–Terrorism and Effective Death Penalty Act of 1996 ('AEDPA')
13  precludes a federal inmate from filing a 'second or successive' § 2255 motion unless he can show
14  either that he relies on a new rule of constitutional law, § 2255(h)(2), or 'that no reasonable
15  factfinder would have found [him] guilty of the offense,' § 2255(h)(1)."  <u>United States v.</u>
16  <u>Buenrostro</u>, 638 F.3d 720, 721 (9th Cir. 2011).  In this district, a prisoner seeking to file a
17  successive § 2255 motion must initially seek leave from the Ninth Circuit Court of Appeals,
18  which will review whether the movant has satisfied the above requirements.  <u>United States v.</u>
19  <u>Villa-Gonzalez</u>, 208 F.3d 1160, 1165 (9th Cir. 2000); § 2255 (h); 28 U.S.C. § 2244(b)(3)(A).

20        Here, movant does not meet either requirement of § 2255(h) – i.e., new rule of
21  constitutional law or actual innocence – and he has not secured an order from the Ninth Circuit
22  authorizing the district court to consider a second petition challenging his 2013 sentence.  Absent
23  such authorization from the circuit court, the district court lacks subject matter jurisdiction over a
24  successive § 2255 motion.  <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001).

25        For the foregoing reasons, the undersigned will recommend that the motion be summarily
26  denied.
27  ////
28  ////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's November 13, 2015 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 66) be denied; and

2. The companion civil case, No. 2:14-cv-2768 MCE CKD, remain closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, movant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 31, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / tayl0199.256